IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TWYLA J. SWOPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-1001-CV-W-ODS-SSA |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her disability insurance benefits and supplemental security income. The Commissioner's decision is reversed and the case is remanded for further proceedings.

1. Prior to the onset of Plaintiff's disability, two medical providers issued statements setting forth limitations as to Plaintiff's ability to work. Although it appears these statements were considered, the ALJ failed to set forth an explanation as to what weight, if any, she afforded the statements made by W. Joseph Ketcherside, M.D., and Richard Snyder, M.D., regarding restrictions in Plaintiff's ability to work. Upon remand, the ALJ should explain what weight, if any, she afforded the statements made by Dr. Ketcherside and Dr. Snyder.

2. The ALJ set forth a residual functional capacity ("RFC") that is not supported by the substantial evidence in the record. "While a claimant for benefits has the burden of proving a disability, the Secretary has the duty to develop the record fully and fairly, even if ... the claimant is represented by counsel." Boyd v. Sullivan, 960 F.2d 733, 736 (8th Cir. 1992) (citation and internal quotation omitted); 20 C.F.R. § 416.919a(b) (stating that a medical examination may be obtained if the administrative record does not provide sufficient evidence to determine whether the claimant is

disabled). When the medical records do not provide sufficient information to make an informed decision, the ALJ may order a consultative examination. Id. (citing 20 C.F.R. § 416.917). "It is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." Id. (citations omitted).

Here, there is no opinion of an examining physician or a non-examining physician addressing Plaintiff's specific work limitations after the onset of her disability. Rather, the Record suggests, particularly Plaintiff's testimony, her function reports, and the statements of medical providers, more severe physical restrictions. Yet, the RFC contained less severe physical limitations that are not harmonious with the information and testimony provided by Plaintiff. For these reasons, the ALJ is ordered to obtain a consultative examination to determine the extent of Plaintiff's physical limitations.

     3.     Upon receipt of the consultative examination, the ALJ must reformulate the RFC, and in doing so, the ALJ is directed to do the following:

         a.     The ALJ must set forth the RFC on a function by function basis. The ALJ should not simply refer to Plaintiff's ability to perform "light duty" work without setting forth limitations related to Plaintiff's ability to sit, stand, walk, push, or pull, to the extent such limitations exist.

         b.     The ALJ must include limitations related to Plaintiff's physical conditions, including coronary artery disease requiring a catheterization procedure in May 2010, printzmetal angina, mild to moderate aortic valve disease with murmur, chronic back pain and stiffness secondary to degenerative disc disease of her lumbar spinal region, chronic right hip pain and stiffness secondary to osteoarthritis, left knee pain and stiffness secondary to osteoarthritis, diabetes mellitus type II, hypertension, and chronic obstructive pulmonary disease ("COPD"), to the extent that any/all of these physical conditions are supported by substantial evidence of the record and impact Plaintiff's ability to work.

     4.     To the extent the ALJ finds that Plaintiff can return to her past work as a cashier or sandwich maker, the ALJ must make findings of fact regarding the physical and mental demands of Plaintiff's previous jobs.

2

Case 4:14-cv-01001-ODS   Document 19   Filed 11/10/15   Page 2 of 3

IT IS SO ORDERED.

                                                  /s/ Ortrie D. Smith
                                                  ORTRIE D. SMITH, SENIOR JUDGE
DATE: November 10, 2015              UNITED STATES DISTRICT COURT